Case 3:20-cv-00139   Document 29   Filed on 09/21/22 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
September 21, 2022
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

GALVESTON DIVISION

No. 3:20-cv-139

DANIEL J. DEVILLE AND NOAMIE D. THOMPSON, INDIVIDUALLY AND A/N/F OF N.B., *PLAINTIFFS*,

v.

JOSEPH GEORGE GERVASE, *DEFENDANT*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

## I. BACKGROUND

The plaintiffs originally filed this personal-injury case in state court on March 27, 2020. *See* Dkt. 1-2 at 6–12. The defendant removed it to federal court on April 20, 2020. Dkt. 1.

The plaintiffs originally retained the law firm of Baggett, McCall, Burgess, Watson and Gaughan, LLC (Baggett McCall). Dkt. 25 at 6. They assigned a one-third interest in the recovery to Baggett McCall. *Id.* The Law Office of Mana Yegani (Yegani Firm) later joined in representing the plaintiffs. *Id.* at 7.

On February 7, 2022, the parties informed the court that they had reached a settlement. Dkt. 21. That day, the court entered an order of conditional dismissal. Dkt. 22. Over a month later—on March 16, 2022—Ricardo De Lara, a former lawyer at the Yegani Firm who at one point worked on the case, moved to intervene. Dkt. 23. De Lara claims that he was assigned an interest in the case and therefore has an interest in the settlement. Dkt. 23 at 2–3. While he never formally withdrew his representation, De Lara had no contact with the plaintiffs after he resigned from the Yegani Firm. Dkt. 25-4, Exhibit C at 3; Dkt. 25-5, Exhibit D at 3.

The court dismissed all claims between the plaintiffs and defendants on an agreed proposed order on May 16, 2022. Dkt. 28. The only remaining issue for the court to resolve is whether or not De Lara is entitled to intervene. He is not.

## II.  INTERVENTION OF RIGHT

De Lara argues that he is entitled to intervene of right under Texas Rule of Civil Procedure 60. Dkt. 23 at 3–4. But the case is now in federal court, which means that the Federal Rules of Civil Procedure apply, not the Texas rules. *DP Sols., Inc. v. Rollins, Inc.*, 353 F.3d 421, 427 (5th Cir. 2003) ("Federal courts apply state substantive law in diversity jurisdiction cases, but apply federal procedural law"); *see also Turner v. Cincinnati Ins. Co.*, 9

F.4th 300, 317 (5th Cir. 2021) (applying federal rules to a motion to intervene in a diversity of jurisdiction case). To intervene of right under the federal rules, De Lara must either be given an unconditional statutory right to intervene or have an interest in the property or transaction that is the subject of the action. Fed. R. Civ. P. 24(a)(1)–(2).

Because there is no statutory right, De Lara must show that "(1) [he] timely applied; (2) [he] has an interest relating to the property or transaction that is the subject of the case; (3) disposition of the case may practically impair or impede [his] ability to protect [his] interest; and (4) [his interest] is inadequately represented by the existing parties." *Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019). The plaintiffs argue that De Lara does not meet the second requirement. Dkt. 25 at 9.

The court agrees with the plaintiffs. "It is the movant's burden to establish the right to intervene, but Rule 24 is to be liberally construed." *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022) (internal quotation omitted). "[I]ntervention of right still requires a direct, substantial, legally protectable interest in the proceedings." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (cleaned up). A lawyer with a contingent-fee arrangement satisfies the second requirement for intervention as a matter of right. *Valley Ranch Dev.*

*Co. v. F.D.I.C.*, 960 F.2d 550, 556 (5th Cir. 1992). But De Lara has submitted no evidence—not even an affidavit—that he had a contingent-fee arrangement or any other kind of interest in the outcome of the case. On the other hand, the plaintiffs have submitted declarations from Yegani, an attorney for Baggett McCall, and the two plaintiffs, all stating that De Lara was never assigned an interest in the case. *See* Dkt. 25, Exhibits A, B, C, D. They have also submitted the representation agreements with each of the two plaintiffs, neither of which refers to any interest assigned to De Lara. *See* Dkt. 25, Exhibits C-1, C-2, D-1, D-2. De Lara has submitted no reply in support of his motion, nor has he supplemented his motion with any exhibits supporting the claim that he was assigned an interest in the case.

De Lara's real claim is a breach-of-contract claim with his former law firm in state court. *See generally* Dkt. 25-6, Exhibit E. That claim has nothing to do with this case.

### III. PERMISSIVE INTERVENTION

Because De Lara has asked the court to apply the wrong standard, he did not analyze whether the court should exercise its discretion to permit him to intervene. *See* Fed. R. Civ. P. 24(b)(1). The court is convinced that he should not be allowed to intervene.

> Determining whether an individual should be permitted to intervene is a two-stage process. First, the district court must

>   decide whether the applicant's claim or defense and the main action have a question of law or fact in common. If this threshold requirement is met, then the district court must exercise its discretion in deciding whether intervention should be allowed.

*Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977) (citation and quotation omitted).

As explained above, De Lara's contract claim has nothing to do with this case. But even if there were some remotely related question of fact, the court would not use its discretion to allow De Lara to intervene. "Permissive intervention is wholly discretionary and may be denied even when the requirements of Rule 24(b) are satisfied." *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 317 (5th Cir. 2021) (quotation omitted). De Lara did not file a motion to intervene until over a month had passed since the parties notified the court that they had reached a settlement and the court conditionally dismissed the case. *See* Dkts. 21, 23. There is no need to drag this case out when the parties have reached a settlement. The proper forum for De Lara to litigate his contractual dispute is in state court. He is welcome to continue to do so there, but he may not simultaneously do so here.

\*   \*   \*

The motion to intervene is denied. Dkt. 23. Final judgement to be entered separately.

Signed on Galveston Island this 21st day of September, 2022.

                                                  _____
                                                  JEFFREY VINCENT BROWN
                                                  UNITED STATES DISTRICT JUDGE